UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EMIR CAROLINA GARCIA and similarly situated employees,

                Plaintiffs,

    -against-

PARIS MAINTENANCE, PARIS MAINTENANCE & MANAGEMENT CO., INC., METRO MEDICAL MAINTENANCE, METRO FIRE SAFETY GUARDS, INC., METRO EVENTS PLANNING CORP., THOMAS PARISSIDI, Individually, and CHARLES LOIODICE a/k/a CHARLIE PARIS, Individually,

                Defendants.

------------------------------------------------------------X

FILED
CLERK
6/1/2016 11:33 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-CV-0663 (SJF)(ARL)

FEUERSTEIN, District Judge:

    Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated May 4, 2016 ("the Report") (a) recommending that the motion of plaintiff Emir Carolina Garcia ("plaintiff") seeking leave to file a second amended complaint be denied; and (b) advising the parties, *inter alia*, (i) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court . . . within 14 days of service . . . [,]" (Report at 16), and (ii) that a "[f]ailure to file objections within th[at] period waives the right to appeal the District Courts [sic] Order[,]" (*id.*) (emphasis omitted) (citing 28 U.S.C. § 636(b)(1); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)).  A copy of the Report was served upon counsel for all parties via ECF on May 4, 2016.  (*See* Docket Entry ["DE"] 28).  No party has filed any objections to the Report, nor sought an extension of time to do so.  For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

1

I. DISCUSSION

   A. Standard of Review

Although generally, motions for leave to amend are considered to be nondispositive and subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure, *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); *Rienzi & Sons, Inc. v. Puglisi*, — F. App'x —, 2016 WL 520107, at * 4 (2d Cir. Feb. 10, 2016) (summary order) (declining to consider the merits of the plaintiff's claim that the magistrate judge abused her discretion in denying its motion to amend its pleading because it failed to timely object to the magistrate judge's order on a non-dispositive matter); where, as here, a magistrate judge's decision on a motion to amend effectively dismisses or precludes a claim, the motion to amend is rendered dispositive. *See, e.g. Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012) (summary order). Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and*

*Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

### B  Review of Report

Since no party has filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for leave to file a second amended complaint is denied.

## II.  CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its

entirety and, for the reasons set forth therein, plaintiff's motion for leave to file a second amended complaint is denied.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 1, 2016
       Central Islip, New York