UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMIR CAROLINA GARCIA and similarly
situated employees,

                Plaintiffs,

    -against-

PARIS MAINTENANCE, PARIS
MAINTENANCE & MANAGEMENT CO., INC.,
METRO MEDICAL MAINTENANCE, METRO
FIRE SAFETY GUARDS, INC., METRO
EVENTS PLANNING CORP., THOMAS
PARISSIDI, Individually, and CHARLES
LOIODICE a/k/a CHARLIE PARIS, Individually,

                Defendants.
------------------------------------------------------------X

FILED
CLERK

10/7/2016 3:55 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-CV-0663 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated September 14, 2016 ("the Report"), (a) recommending that defendants' application to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure be granted and this case be dismissed with prejudice for failure to prosecute; and (b) advising the parties, *inter alia*, (i) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, [they] shall have fourteen (14) days from service of th[e] Report . . . to file written objections [,]" (Report at 3), and (ii) that a "[f]ailure to file objections within th[at] period waives the right to appeal the District Court's Order[,]" (*id.* at 4) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52,

1

60 (2d Cir. 1996)). Defendants served plaintiff with notice of entry of the Report by sending a copy thereof to her at her last known address via certified and first class mail on September 14, 2016. (*See* Docket Entry ["DE"] 73). Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

I. DISCUSSION

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F.

App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

### B    Review of Report

Since plaintiff has not filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, she has "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' application to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this case is dismissed in its entirety with prejudice for plaintiff's failure to prosecute.

## II.    CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth therein, defendants' application to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this case is dismissed in its entirety with prejudice for plaintiff's failure to prosecute. The Clerk of the Court shall close this case and, pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, serve

notice of entry of this order as provided in Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff at her last known address, 130-32 60th Avenue, Flushing, New York 11355, *see* Fed. R. Civ. P. 5(b)(2)(C), and record such service on the docket.

SO ORDERED.

                                                                  /s/
                                       SANDRA J. FEUERSTEIN
                                       United States District Judge

Dated: October 7, 2016
       Central Islip, New York